IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

```
AUDENCIO MORALES, RIGOBERTO MORALES,   )
BRAYAN BRAVO, AGUSTIN ROBLERO-SANCHEZ, )
and RODRIGO GENARO RAMOS-CHAVEZ a/k/a  )
RODRIGO JENARO RAMOS-CHAVEZ on behalf  )
of themselves and all other similarly  )
situated persons,                      )
                                       )
                  Plaintiffs,          )
                                       )
v.                                     )      COMPLAINT
                                       )
FLORES ROOFING, LLC and RODRIGO FLORES )       COLLECTIVE ACTION
PATINO,                                )       29 U.S.C. § 216(b)
                                       )
                  Defendants.          )       Civil Action No.:
_____)
```

I.  PRELIMINARY STATEMENT

1. This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) by five former employees against a closely held limited liability company managed and operated by defendant Rodrigo Flores Patino as part of his roofing repair business enterprise in and around Angier in Harnett County, North Carolina.

2. The defendant limited liability company Flores Roofing, LLC ("FRLLC") was and is part of a single business enterprise operated by its manager member defendant Rodrigo Flores Patino ("Flores") since at least April 8, 2014 in one or more counties in North Carolina that are listed in 28 U.S.C. §§ 113(a). This action is brought under the FLSA for unpaid overtime wages based upon the defendants' failure to pay the named plaintiffs and the group of workers they seek to represent in a collective action pursuant to 29 U.S.C. § 216(b) the wages they were due at the overtime rate required by 29 U.S.C. § 207(a)(1) when the defendants jointly and severally employed the plaintiffs and that group of workers to perform hours worked in excess of forty hours in the same

1

workweek in that roofing repair enterprise.

3. It is also brought as an individual action under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), and 95-25.22(a)-(a1) and 95-25.22(d) based upon the defendants' failure to pay all promised wages when due on the regular scheduled payday for the plaintiffs based upon the defendants' failure to pay promised wages at the promised daily rate of either $200/day or $180/day for all hours worked for 26 days (excluding Sundays) from Thursday, November 21, 2019 through Friday, December 20, 2019 for the roofing work that the defendants employed the plaintiffs for perform as part of the commercial roofing repair enterprise operated by the defendants.

4. In the alternative to the plaintiff's FLSA claim, in the event that the plaintiff's employment by the defendants in excess of 40 hours in the same workweek is not covered by § 207(a) of the FLSA, this action is brought as an individual action under N.C.Gen.Stat. §§ 95-25.4 and 95-25.22(a)-(a1) of the NCWHA based upon the defendants' failure to pay the named plaintiffs all wages when due for all hours worked at the minimum and overtime rates required by N.C.Gen.Stat. § 95-25.4 for those workweeks in which the hours worked by the plaintiffs and those other similarly situated employees were in excess of forty hours in the same workweek in the performance of that roofing repair work or not paid any wages at all.

5. Based upon their claim under 29 U.S.C. § 207 of the Fair Labor Standards Act, their NCWHA claims under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), 95-25.22(a), and 95-25.22(a1) that are described in ¶3 above, and the plaintiffs' alternative claims under N.C.Gen.Stat. §§ 95-25.4, 95-25.22(a), and 95-25.22(a1) of the NCWHA that are described in ¶4 above, the plaintiffs and the collective group

2

of workers they seek to represent under the FLSA seek payment of back wages and an equal amount of liquidated damages, attorney fees, interest, and costs under 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a), (a1), and (d).

II. JURISDICTION

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1337, 29 U.S.C. § 216(b), and 28 U.S.C. §1367(a).

7. This Court has the power to grant declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202.

III. VENUE

8. Venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b)(2), 1391(c)(2), and 1391(d), and 29 U.S.C. §216(b). At all times relevant to this action continuing through the present date, a substantial part of the events or omissions by the defendants giving rise to this action occurred in one or more of the counties listed in 28 U.S.C. § 113(a), and defendants had and continues to have permanent offices located at 64 Oakwood Drive, Angier, North Carolina 27501 at all times relevant to this action.

IV. NAMED PLAINTIFFS

9. Starting on or about Friday, August 9, 2019 and continuing through at least Saturday, August 17, 2019 (excluding the intervening Sunday in that time period), plaintiffs Audencio Morales, Rigoberto Morales, and Agustin Roblero-Sanchez were all continuously employed to perform all tasks required by a laborer in the roofing repair enterprise of Flores Roofing, LLC operated by defendant Rodrigo Flores Patino.

10. Picking up on or about Monday August 19, 2019 and continuing through at least Friday, December 20, 2019 (excluding the intervening Sundays in that entire time period), Plaintiffs Audencio Morales,

3

Rigoberto Morales, and Agustin Roblero-Sanchez continued to perform all tasks required by a laborer in the employ of the roofing repair enterprise of Flores Roofing, LLC operated by defendant Rodrigo Flores Patino for each day in that same time period.

11. Starting with Monday, August 19, 2010 also continuing through Friday, December 20, 2019, named plaintiffs Brayan Bravo ("Bravo") and Rodrigo Genaro Ramos-Chavez also known as (a/k/a) Rodrigo Jenaro Ramos-Chavez ("Ramos-Chavez") were also continuously employed in the roofing repair enterprise of Flores Roofing, LLC operated by defendant Rodrigo Flores Patino doing only general cleanup work involved with the roofing repair business of defendants FRLLC and Flores.

12. All of the employment that is described in ¶¶9-11 above occurred in and around Harnett County, North Carolina.

13. During the entire time period described in ¶¶9-11 the plaintiffs were lived in housing located in Wake County, North Carolina.

14. Upon information and belief and using the rolling quarter methodology described in 29 U.S.C. § 779.266(b), during each of the twenty-four (24) full calendar quarters immediately preceding the calendar quarter that includes August 2019, starting with the calendar quarter beginning on April 1, 2017 and ending with the calendar quarter ending on June 30, 2019, the enterprise in which the plaintiffs and the workers that they seek to represent that is described in ¶¶9-12 above of this Complaint and ¶¶21-22 below of this Complaint were employed in was an enterprise that was owned and operated by the defendants that:

    (a) had and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by some person or entity other than the defendants, and

4

(b) was an enterprise whose annual gross volume of sales made or business done is and was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

V. DEFENDANTS

15. At all times relevant to this action, the defendant closely held for profit limited liability company Flores Roofing, LLC (hereinafter referred to as "FRLLC") was and continues to be a business enterprise owned and operated by defendant Rodrigo Flores Patino since at least April 8, 2014.

16. At all times relevant to this action, defendant Rodrigo Flores Patino ("Flores") was the sole Member/Manager and owner of defendant FRLLC.

17. At all times relevant to this action, defendant Flores personally hired each of the named plaintiffs and the employees that they seek to represent that are described in ¶¶21-22 of this Complaint as part of the day to day activities of defendant Flores.

18. At all times relevant to this action, defendant Flores, acting in his capacity as the Member/Manager and owner of RFLLC, personally directed and controlled the work of the named plaintiffs and the employees that they seek to represent that are described in ¶¶21-22 of this Complaint at least in part in the ways that are described in ¶¶17, 20A, and 23-39 of this Complaint as part of the day to day activities of defendant Flores.

19. At all times relevant to this action, defendants FRLLC and Flores, acting in their capacity as a limited liability company organized to engage in the roofing repair business and as the member/manager and owner of that company, engaged in and operated the FRLLC business enterprise that they owned to use and employ the named

5

plaintiffs and the persons described in ¶¶21-24 below of this Complaint to repair roofing as part of that business enterprise.

20. On information and belief, at all times relevant to this action, the facility from which defendant FRLLC and the individual defendant jointly operated the roofing repair business enterprise was and continues to be located at 64 Oakwood Drive, Angier, Harnett County, North Carolina 27501.

20A. At all times in the two year time period immediately preceding the date on which this action was filed and continuing thereafter, the named plaintiffs and/or the similarly situated employees of the defendants that are described in ¶¶9-24, inclusive, above and below of this complaint were jointly and severally employed in the defendants' enterprise that is described in ¶¶9-20A above by the defendants to repair roofs for the defendants' customers in both North Carolina and South Carolina for varying periods of time described in ¶¶9-24, inclusive above of this complaint in that same enterprise. At all times relevant to this action, the defendants regularly employed in the defendants' enterprise a workforce of approximately thirty (30) employees that defendant Flores assigned to work to perform different tasks on any given day at different locations in different roofing repair crews.

VI. FLSA STATUTORY CLASS ACTION ALLEGATIONS

21. The named plaintiffs maintain this action against all of the defendants, jointly and severally, for and on behalf of themselves and all other similarly situated current and/or former joint employees of the defendants who jointly and regularly employed them and those other similarly situated persons in the defendants' roofing enterprise to perform hours worked in excess of 40 hours or less than 40 hours in the

6

same workweek in roofing repair in and around Harnett County, North Carolina for each workweek ending in the two chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date final judgment in this action is entered by a U.S. District Court pursuant to the collective action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former employee of the defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

22.  The collective action of similarly situated persons under 29 U.S.C. §216(b) described in ¶21 above includes all of the named plaintiffs and all persons who were jointly or severally and similarly employed by one or both of the named defendants when the defendants failed to pay them the overtime premium required by 29 U.S.C. § 207(a)(1) of 50% of the "regular rate" of wages for all hours worked over 40 in the same workweek for each such workweek falling within the time period described in ¶21 above when that "regular rate" was and is calculated by totaling all of the weekly sums received by each of the named plaintiffs and each of those similarly situated employees that the named plaintiffs seek to represent at such day rates or job rates that one or more of the defendants paid to the named plaintiffs and those similarly situated employees, and dividing those weekly sums by the total hours actually worked by each named plaintiff and each such similarly situated employee in that same workweek.

VIII. FACTUAL ALLEGATIONS

23.  Starting on or about Friday, August 9, 2019 and continuing through at least Friday, December 20, 2019 (excluding all intervening

Sundays in that time period), the roofing repair enterprise of Flores Roofing, LLC (FRLLC), acting by and through the decision and disclosures of defendant Rodrigo Flores Patino (Flores) pursuant to N.C.Gen.Stat. §95-25.13(1)-(2), hired and continuously employed plaintiffs Audencio Morales, Rigoberto Morales, and Agustin Roblero-Sanchez to perform all tasks required by and work as a laborer in that roofing repair enterprise for at least 11 hours per day pursuant to an agreement with defendants JFLLC and Flores to pay promised wages that defendant Flores disclosed to and made with those same three named plaintiffs on a weekly basis at the daily wage rate of $200/day without regard to the number of hours worked in the day or at the job in any particular workweek.

24. Starting on or about Friday, August 19, 2019 and continuing through at least Friday, December 20, 2019 (excluding all intervening Sundays in that time period), the roofing repair enterprise of Flores Roofing, LLC (FRLLC), acting by and through the decision and disclosures of defendant Rodrigo Flores Patino (Flores) pursuant to N.C.Gen.Stat. §95-25.13(1)-(2), hired and continuously employed plaintiffs named plaintiffs Brayan Bravo ("Bravo") and Rodrigo Genaro Ramos-Chez also known as (a/k/a) Rodrigo Jenaro Ramos-Chavez ("Ramos-Chavez") to perform general cleanup tasks required by and work as a laborer in that roofing repair enterprise for at least 11 hours per day pursuant to an agreement with defendants JFLLC and Flores to pay promised wages that defendant Flores disclosed to and made with those same two named plaintiffs on a weekly basis at the daily wage rate of $180/day without regard to the number of hours worked in the day or at the job in any particular workweek.

25. For the time period from Monday, August 9, 2019 through Wednesday, November 20, 2019, the named defendants paid the five named

8

plaintiffs all promised wages that they had agreed to pay them on all weekly paydays in that same time period for all hours worked by all five named plaintiffs that are described in ¶¶23-24 above pursuant to the agreement that is described in ¶¶23-24 above.

26. The hours worked in the same workweek by the named plaintiffs and the employees described in ¶¶21-24 above almost never totaled less than 40 hours and almost always more than 40 hours in the same workweek. On a daily basis, and acting under the direct control and supervision of defendant Flores on a day-to-day basis, the hours worked included at least the following:

(a) Repairing roofs by nailing roofing shingles onto the roofing surface,

(b) Work activities directly related work to roofing repair such as climbing up to the roof or climbing down from the roof by ladders to allow the employees to directly access the roof under repair,

(c) Loading or unloading shingle material to be installed,

(d) Loading or unloading equipment required to install shingles,

(e) Picking up waste material and loading and unloading it in and from various waste receptacles,

(f) Hours worked when the plaintiffs and those same employees were engaged to wait,

(g) Hours worked in the form of rest periods of short duration (running for about 15-20 minutes starting,

(h) Hours worked in the form of infrequent and short restroom, water-drinking breaks, or snack breaks for about 5-10 minutes in duration,

(i) Daily trips to/from the work sites by way of a

9

convenience store and gas stations in the company van that FRLLC furnished to plaintiff Audencio Morales ("Morales") that Flores and FRLLC directed Morales to use to provide daily transportation for the other plaintiff crew members to/from the work sites of approximately 30 minutes each way, and directed Morales to purchase gasoline for the van and water for the crew in the amount of $250 in gas per week and $150 in water per week.

27. Acting as directed by defendant Flores, at all times relevant to this Complaint during his employment by FRLLC and Flores, plaintiff Morales performed the daily driving and transportation work that is described in ¶26(i) above of this Complaint in the FRLLC van that FRLLC and Flores furnished to him for the purpose that is described in ¶26(i) above of this Complaint. Acting as directed and also at all times during that same employment, plaintiff Morales also made the weekly purchases of gas for the van that totaled on average at least $250 week that primarily benefitted FRLLC and Flores and that was an incident of and necessary to the use of the van that plaintiff Morales used to provide transportation to and from the daily worksites for the other named plaintiffs and Morales.

28. Acting as directed by defendant Morales and during that same entire time period, plaintiff Morales also purchased drinking water that was primarily for the benefit of his employers FRLLC and Flores so that they complied with the OSHANC water requirement specified in 29 C.F.R. §§ 1910.141(a)(2), 1910.141(b)(1)(i), and 1910.141(b)(1)(iii), and 1915.88(b)(1)-(3) at a cost of on average at least $150/week to allow the employers FRLLC and Flores to comply with their statutory and regulatory duty to provide an adequate supply of drinking water at the various working sites at which the named

10

plaintiffs worked.

29. Defendants FRLLC and Flores personally made the decision to not reimburse plaintiff Morales for any of the purchases that are described in ¶¶27-28 above of this Complaint and effectively reduced the amount of the wages that plaintiff Morales received from those defendants by an amount equal to the total of these weekly *de facto* wage deductions for every workweek in which plaintiff Morales worked more than 40 hours per week (all but the first workweek) during the time period of his employment by FRLLC and Flores by the weekly amounts that are described in ¶¶27-28 above.

30. For the workdays in the time period from Thursday, November 21, 2019 through Friday, December 20, 2019 (excluding intervening Sundays in that time period), the named defendants failed to pay all five named plaintiffs any of the promised wages that they had agreed to pay them on all weekly paydays in that same time period for all days worked by all five named plaintiffs that are described in ¶¶23-24 above pursuant to the agreements that are described in ¶¶23-24 above in violation of N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, and 95-25.13(2). This occurred on each payday in that same time period because the defendants failed to pay any of those promised wages to any of those named plaintiffs at all.

31. For the time period from Monday, August 12, 2019 through Friday, December 20, 2019, the named defendants failed to pay all of the named plaintiffs and the similarly situated employees they seek to represent at the overtime rate required by 29 U.S.C. § 207(a)(1) that they were obligated to pay them on all weekly paydays in that same time period for all workweeks described in ¶¶21-24 above for each of the workweeks in that time period when those same plaintiffs and similarly

11

situated employees worked over 40 hours in the same workweek and the FLSA requires calculation of the overtime rate in the manner described in ¶22 above of this Complaint.

32. This occurred in every workweek in that same time period in the time period from Monday, August 12, 2019 through Friday, December 20, 2019 as each of the named plaintiffs averaged at least 73 hours worked for each workweek in that same time period and plaintiff Morales approximately 6 hours more per week based upon the transportation and driving work that he performed for the defendants that is described in ¶26(i), and 27-29 above of this Complaint, and the defendants paid wages at the illegal rate described in ¶¶22-24 above of this Complaint for all of the workweeks in this time period when the named plaintiffs and the employees they seek to represent worked more than 40 hours in the same workweek.

33. The five named plaintiffs terminated their employment by the defendants after the defendants did not and still have not paid them any wages for 26 days of work the plaintiffs performed in the time period from Thursday, November 21, 2019 through Friday, December 20, 2019 (excluding intervening Sundays in that time period).

34. Defendant Flores decided how to pay his employees (in cash) and with wage records or wage advices (none). Defendant Flores also specifically decided that FRLLC and he would page wages strictly on a straight and stipulated daily rate with no additional compensation to the named plaintiffs and the other employees of FRLLC who were employed to perform that same work in those same workweeks even when the quantity of hours worked in that task exceeded 40 hours in any workweek in which the named plaintiffs and those same other employees were jointly employed by the defendants to perform that work.

12

35.  Upon information and belief, the defendants provided and paid for workers' compensation insurance for the work performed by the named plaintiffs and the workers who worked with the named plaintiffs as part of the defendants' enterprise.

36.  The defendants organized, supplied, and maintained all of the major equipment, roofing materials, and vehicles that were necessary for the day to day operation of a multi-site roofing enterprise at which the named plaintiffs, their co-workers, and approximately 30 other workers were used to do the roofing repair work as part of the defendants' enterprise.

37.  The defendants supplied all of the funds to pay the named plaintiffs, their co-workers, and those other crews, and defendant Flores determined when, whether, and how they were paid.

38.  Acting on behalf of RFLLC, and upon information and belief, defendant Flores and RFLLC had co-equal and final say as to who was fired or disciplined for misconduct at work in the work that the named plaintiffs performed for the defendants.

39.  Long before 2015, each of the defendants was and continues to be an experienced employer who was and continues to be familiar with the FLSA and the NCWHA, and the requirements of both of those statutes with respect to what they require and required with respect to the wage rate to be paid for work in excess of forty (40) hours in the same workweek, and what is and was considered to be the regular rate at which an employed under the FLSA and the NCWHA.  The defendants acted in reckless and willful disregard of the requirements of the FLSA with respect to these matters, and as a consequence of this willful and reckless disregard of the rights of the plaintiffs and the members of the collective action defined in ¶¶21-22 to payment of wages at the overtime

13

rate required by 29 U.S.C. § 207(a) have been violated for the entire two-year time period immediately preceding the date on which this action was filed.

IX.   FIRST CLAIM FOR RELIEF (FLSA § 207)

40.  Paragraphs 1 through 39 above are realleged and incorporated herein by reference by the named plaintiffs and each member of the collective action described in ¶¶21-22 above of this complaint that the named plaintiffs seek to represent pursuant to 29 U.S.C. §216(b) against all defendants.

41.  The defendants did not pay all wages due to the named plaintiffs and the collective group of persons defined in ¶¶21-22 above of this complaint that the named plaintiffs seeks to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶9-20A, inclusive, and ¶¶23-39 above of this Complaint that was part of the defendants' enterprise that is described in ¶¶14-20A above.

42.  As a result of the actions and willful and reckless disregard of the right of the plaintiffs and the members of the collective action defined in ¶¶21-22 above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the named plaintiffs and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

X.   SECOND CLAIM FOR RELIEF (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))

43.  Paragraphs 1 through 39 above are realleged and incorporated herein by reference by the named plaintiffs against all defendants.

44.  As a direct and proximate result of the actions of the defendants that are described in ¶¶27-30 above of this Complaint, the

14

defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs for the work described in ¶¶9-13, 15-20A, 23-24, and 26-28 above of this Complaint in violation of the agreement described in ¶¶23-24 above of this Complaint, the disclosures described in ¶¶23-24 above, and N.C.Gen.Stat. §§ 95-25.13(1)-(2), 95-25.2(16), 95-25.6, and 13 NCAC §12.0803.

45. As a result of these actions of the defendants in violation of the rights of the named plaintiffs, the named plaintiffs and the members of that class have suffered damages in the form of unpaid wages, interest on unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

XI. THIRD CLAIM FOR RELIEF (Alternative Claim - NCWHA § 95-25.4)

46. In the alternative to the First Claim for Relief alleged in ¶¶40-42 above of the complaint, in the event that the plaintiff's employment by the defendants is not covered by the FLSA, ¶¶1 through 13, 15-20, and 23-39, inclusive, above are realleged and incorporated herein by reference by the named plaintiffs against all defendants under the NCWHA.

47. The defendants did not pay and will not pay all wages due when those wages were and will be due to the named plaintiffs for the work described in ¶¶9-20 and 23-39, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

48. The defendants did not pay all wages due when those wages were due at the rate required by N.C.Gen.Stat. § 95-25.4 to the named plaintiffs for the work described in ¶¶9-20 and 23-39, inclusive, above of this Complaint in violation of N.C.Gen.Stat. §§ 95-25.4 and 95-25.6.

49. As a result of these actions of the defendants in violation of the rights of the named plaintiffs under N.C.Gen.Stat. §§ 95-25.4 and

15

95-25.6, the named plaintiffs have suffered damages in the form of unpaid wages, interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1).

WHEREFORE Plaintiffs respectfully request that the Court:

(a) Grant a jury trial on all issues so triable;

(b) Certify the named plaintiffs as representative of the group of persons defined in ¶¶21-22 above of this Complaint in a collective action for back wages and liquidated damages under 29 U.S.C. §§ 207(a) and 216(b) pursuant to 29 U.S.C. §216(b);

(c) In the alternative to certification of the plaintiffs as representative of the group of persons defined in ¶¶21-22 above as prayed for in ¶(b) above of the Prayer for Relief, grant the named plaintiffs relief in the form of back wages and liquidated damages under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.4, 95-25.6, and 95-25.13(1)-(2) pursuant to N.C.Gen.Stat. §§ 95-25.22(a) and 95-25.22(a1);

(d) Enter judgment under the FLSA against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, and in favor of the named plaintiffs and each member of the collective action defined in ¶¶21-22 above for compensatory damages against the defendants under the First Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs and each member of that same collective action under 29 U.S.C. §§ 207(a) and 216(b) for any workweek in which the named plaintiffs and each member of that same collective action performed any of the work described in ¶¶9-20A, inclusive, and ¶¶21-39 above of this Complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. § 216(b), plus any interest in the manner and at the rate authorized by law under 29 U.S.C. § 216(b);

(e) Enter judgment under the NCWHA against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, and in favor of the named plaintiffs for compensatory damages against the defendants under the Second Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), 13 NCAC Tit. 12 §§ .0803 and .0805, 95-25.22(a), and 95-25.22(a1) for any workweek in which the named plaintiffs performed any of the work described in ¶¶9-20, and 23-39 above of this Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(f) in the alternative to the relief prayed for in ¶(d) above under the FLSA, enter judgment under the NCWHA against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, and in favor of the named plaintiffs for compensatory damages against the defendants under the Third Claim for Relief in an amount equal to the total of the unpaid wages due the named plaintiffs under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.4, 95-25.6, 95-25.13(1)-(2), 13 NCAC §§ 12.0803 and .0805, and 95-25.22(a) for any workweek in which the named plaintiffs performed any of the work described in ¶¶9-20 and 23-39, inclusive, above of this Complaint, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus any interest in the manner and at the rate authorized by N.C.Gen.Stat. § 95-25.22(a);

(g) Award the named plaintiffs the costs of this action against the defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally;

(h) Award the named plaintiff reasonable attorney fees under and N.C.Gen.Stat. §95-25.22(d) and 29 U.S.C. §216(b) against the defendants

17

Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally;

(i) Award prejudgment and post judgment interest against the defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, at the highest amount authorized by applicable law on any amount of monetary damages awarded for back wages as requested in paragraph (e) and/or (f) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(j) Award such other relief as may be just and proper in this action.

This the 23rd day of March, 2020.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
Robert J. Willis
Attorney at Law
NC Bar #10730
(mailing address)
P.O. Box 1828
Pittsboro, NC  27312
Tel:(919)821-9031
Fax:(919)821-1763
488 Thompson Street
Pittsboro, NC  27312
Counsel for Plaintiffs
rwillis@rjwillis-law.com