IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-cv-112-FL

AUDENCIO MORALES, RIGOBERTO MORALES, )
BRAYAN BRAVO, AGUSTIN ROBLERO-SANCHEZ, )
and RODRIGO GENARO RAMOS-CHAVEZ a/k/a )
RODRIGO JENARO RAMOS-CHAVEZ on behalf of )
themselves and all other similarly situated persons, ) **ORDER FOR ENTRY OF**
                                                                               ) **DEFAULT JUDGMENT**
                  Plaintiffs, )
                                                                               )
v. )
                                                                               )
FLORES ROOFING, LLC and RODRIGO FLORES ) COLLECTIVE ACTION
PATINO, ) 29 U.S.C. § 216(b)
                                                                               )
                  Defendants. )
_____ )

      This matter is before the Court upon plaintiffs' motion for entry of default judgment and assessment of damages against defendants Flores Roofing, LLC and Rodrigo Flores Patino filed on September 11, 2020. DE 19. Having reviewed the motion and the supporting memorandum and affidavits, it appears to the Court that default judgment should be entered against the named defendants, jointly and severally. Accordingly, it is hereby ORDERED and ADJUDGED as follows:

      1.     This Court has jurisdiction over the subject matter of this cause and over Flores Roofing, LLC and Rodrigo Flores Patino, and the Court is of the opinion that a final order of default judgment should now be entered in favor of each of the five plaintiffs because:

            (a)     Valid service was made on Flores Roofing, LLC and Rodrigo Flores Patino by personal service. DE 9 and DE 10;

1

(b) Default was entered by this Court against each of the two named defendants on July 8, 2020 (DE 16 and DE 17), and notice of default was served by mail;

(c) The named defendant has not sought appropriate relief pursuant to Rule 55(c), Fed.R.Civ.P., at any time before this judgment was entered;

(d) The Court is satisfied that the detailed sworn declarations offered by the plaintiffs on the amount of back wages each of the five named plaintiffs is due provide a reasonable and substantial basis upon which to determine that each of the plaintiffs is due the amount of overtime wages and unpaid wages that the plaintiffs claim in their sworn declarations.

2. Pursuant to Rule 8(b)(6), Fed.R.Civ.P., the factual averments in plaintiffs' Complaint filed on March 23, 2020 are deemed admitted since the defendants have not filed any responsive pleading. DE 1 at 3-14 (¶¶9-39).

3. Based upon the foregoing, judgment is entered against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, and in favor of plaintiffs Audencio Morales, Rigoberto Morales, Agustin Roblero-Sanchez, Brayan Bravo, and Rodrigo Genaro Ramos-Chavez as follows:

(a) Declaratory judgment and judgment pursuant to Rule 52(a), Fed.R.Civ.P., is entered against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, and in favor of plaintiffs Audencio Morales, Rigoberto Morales, Agustin Roblero-Sanchez, Brayan Bravo, and Rodrigo Genaro Ramos-Chavez for the defendants' violation of the Fair Labor Standards Act and the NC Wage and Hour Act from in or about August to in or about November 2019, and for the defendants' failure to pay plaintiffs Audencio Morales, Rigoberto Morales, Agustin Roblero-Sanchez, Brayan Bravo, and Rodrigo Genaro Ramos-Chavez Robinson Gonzalez-Guevara a/k/a Miguel Romero for the following work and wages at the rate required by 29 U.S.C. §207(a)(1) and other promised

wages when due as required by G.S. §95-25.6 for the following plaintiffs:

(1) For plaintiff Audencio Morales, at least 570 hours of overtime work that plaintiff Audencio Morales performed for the defendants in the 19 workweeks in which he worked in on average 70 hours per week when his regular rate of pay was $17.14 per hour, an additional 26 days of work for which promised wages for plaintiff Audencio Morales were $200/day, and additional promised wages for the reimbursement of work-related gas and water use of $6,000;

(2) For plaintiff Agustin Roblero-Sanchez, at least 450 hours of overtime work that plaintiff Agustin Roblero-Sanchez performed for the defendants in the 15 workweeks in which he worked in on average 70 hours per week when his regular rate of pay was $17.14 per hour;

(3) For plaintiff Rigoberto Morales, at least 570 hours of overtime work that plaintiff Rigoberto Morales performed for the defendants in the 19 workweeks in which he worked in on average 70 hours per week when his regular rate of pay was $17.14 per hour, and an additional 26 days of work for which promised wages for plaintiff Rigoberto Morales were $200/day;

(4) For plaintiff Brayan Bravo, at least 510 hours of overtime work that plaintiff Brayan Bravo performed for the defendants in the 17 workweeks in which he worked in on average 70 hours per week when his regular rate of pay was $15.43 per hour, and an additional 26 days of work for which promised wages for plaintiff Brayan Bravo were $180/day;

(5) For plaintiff Rodrigo Genaro Ramos-Chavez, at least 390 hours of overtime work that plaintiff Rodrigo Genaro Ramos-Chavez performed for the defendants in the 13 workweeks in which he worked in on average 70 hours per week when his regular rate of pay was $15.43 per hour;

(b) Pursuant to 29 U.S.C. §216(b) and N.C.Gen.Stat. §§95-25.22(a)-(a1), the five plaintiffs are entitled to a judgment against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, for unpaid overtime wages at the rate required by 29 U.S.C. §207(a)(1) and other promised wages when due as required by G.S. §95-25.6 in the following amounts for the following plaintiffs:

(1) For plaintiff Audencio Morales, a total damages award of $16,084.90 (this includes unpaid promised wages under the NCWHA of $11,200, and unpaid overtime wages of $4,884.90 pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b) of the FLSA), plus an additional equal amount of $16,084.90 in liquidated damages plus interest at 8% per annum for the $11,200 portion of that $16,084.90 in unpaid promised wages that are due solely under the NCWA pursuant to N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), 95-25.22(a1), and 24-1. *See* N.C.Gen.Stat. 95-25.22(a), and *Hamilton v. Memorex Telex Corp.*, 118 N.C. App. 1, 454 S.E.2d 278, 286 (1995)("*Hamilton*")(NCWHA only authorizes interest on back wages award but not on liquidated damages award).

(2) For plaintiff Agustin Roblero-Sanchez, an award of $3,856.50 for 17 weeks of unpaid overtime wages, plus an additional equal amount of $3,856.50 in liquidated damages pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b).

(3) For plaintiff Rigoberto Morales, a total damages award of $10,084.90 (which includes $5,200 in unpaid promised wages under the NCWHA, and $4,884.90 in unpaid overtime wages under the FLSA), plus an additional equal amount of $10,084.90 in liquidated damages plus interest at 8% per annum for the $5,200 portion of that $10,084.90 in unpaid promised wages that are due solely under the NCWA pursuant to N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), 95-25.22(a1), and 24-1.

(4) For plaintiff Brayan Bravo, a total damages award of $8,617.20 (which includes $4,680 for unpaid promised wages and $3,937.20 in unpaid overtime wages), plus an additional equal amount of $8,617.20 in liquidated damages plus interest at 8% per annum for the $4,680 portion of that $8,617.20 in unpaid promised wages that are due solely under the NCWA pursuant to N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), 95-25.22(a1), and 24-1.

(5) For plaintiff Rodrigo Genaro Ramos-Chavez, an award of $3,010.80 for 13 weeks of unpaid overtime wages, plus an additional equal amount of $3,010.80 in liquidated damages pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b).

4. Pursuant to 29 U.S.C. §216(b) and Rule 54(d)(1)-(2), Fed.R.Civ.P., the plaintiffs are entitled to an award of costs and attorney fees upon the plaintiffs' submission of an appropriate bill of costs and attorney fee petition within the time period required by Rule 54(d)(1)-(2) and the Local Rules of this Court. The Court will determine the amount of costs and attorney fees to be awarded against defendants, and in favor of the plaintiffs based upon the Court's review of any such bill of costs and attorney fee petition and affidavit filed by the plaintiff in a timely manner within 14 days of the date of judgment, pursuant to those factors referred to in *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984).

5. The Clerk of Court is directed to prepare a judgment in favor of the plaintiffs that is consistent with this order on plaintiff's motion for default judgment.

SO ORDERED.
This the 15th day of September, 2020.


U.S. DISTRICT COURT JUDGE