IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AUDENCIO MORALES, RIGOBERTO MORALES, BRAYAN BRAVO, AGUSTIN ROBLERO-SANCHEZ, and RODRIGO GENARO RAMOS-CHAVEZ a/k/a RODRIGO JENARO RAMOS-CHAVEZ on behalf of themselves and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> FLORES ROOFING, LLC and RODRIGO FLORES PATINO, <br><br> Defendants. | Civil Action No.: <br> CASE NO. 5:20-cv-112-FL <br><br><br> COLLECTIVE ACTION <br> 29 U.S.C. § 216(b) |

## ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS TO PLAINTIFFS' COUNSEL

This matter comes before the Court on the Plaintiffs' Motion for Award of Attorney's Fees and Costs (hereinafter referred to as "Plaintiffs' Fee Motion"). Pursuant to the Court's Order for Entry of Default Judgment (Doc. 22 at 5 (¶4)) and the Local Rules of this District Court, the Plaintiffs have briefed and submitted a sworn declaration and other materials in connection with the Plaintiffs' Fee Motion, and the Court has determined that this matter is appropriate for disposition without oral argument pursuant to the Local Rules of this Court. Therefore, the Plaintiffs' Fee Motion is ready for disposition by this Court.

Having reviewed the Plaintiffs' Fee Motion, the Plaintiffs' Brief, declaration of Plaintiffs' counsel, and materials filed both in support of the Plaintiffs' Fee Motion, along with the files and records of this case, the Court now FINDS, CONCLUDES, DECREES and ORDERS as follows:

1

(1) This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation.

(2) Pursuant to Rule 54(d)(1)-(2) of the Federal Rules of Civil Procedure, the Order for Entry of Default Judgment (Doc. 22 at 5 (¶4)), and 29 U.S.C. § 216(b) and N.C.Gen.Stat. § 95-25.22(d), the Plaintiffs have moved this Court for an Order determining the amount of the attorney's fee and costs to be awarded to the Plaintiffs.

(3) Pursuant to 29 U.S.C. § 216(b), N.C.Gen.Stat. § 95-25.22(d), and ¶¶3-4 at pages 2-5 of the Order for Entry of Default Judgment filed by the Court on September 15, 2020 on the claims of the Plaintiffs under the FLSA and the NCWHA, the Plaintiffs are entitled to an award of attorney's fees and the costs of this action to be paid by the two (2) named defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally.

(4) The Court further determines that the costs of this action to be paid by defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, include the costs that are detailed in Plaintiffs' Exhibit K attached to the Rule 54(d) Declaration of Plaintiff's Counsel Robert J. Willis that is attached to the Plaintiff's Brief In Support of Plaintiff's Motion for Award of Attorney's Fees and Costs in the amount of $503.65 against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally.

(5) The Court finds that the plaintiffs reasonably expended all of the time that plaintiffs' counsel has claimed in timesheets that are attached to the Rule 54(d) Declaration in the advocacy of the plaintiffs' claims. That total for attorney Robert J. Willis is 15.95 hours of attorney work time. For paralegal/assistant Yoana Caceres, that total is 8.4 hours of paralegal/legal assistant time.

(6) After a thorough review of the Plaintiffs' Fee Motion, the Rule 54(d) Declaration By Class Counsel Robert J. Willis ("Rule 54(d) Declaration"), the Brief filed by the plaintiffs, and other declarations, and materials filed both in support of and/or in opposition to the Plaintiffs' Fee Motion, along with the court files and records of this case, the Court finds that the lodestar attorney's fee is **$7,304.00** based upon a hourly rate of $400/hour for the attorney work of Robert J. Willis, an hourly rate of $110/hour for the paralegal/legal assistant work of Yoana Caceres, and the figures for hours reasonably expended cited in ¶(5) above of this Order. Although plaintiffs assert an hourly rate of $425/hour for the attorney work, the court finds $400/hour to be a reasonable hourly rate based upon the materials submitted, where the affidavits of other practitioners are identical to those submitted in a prior case, and where plaintiffs have not demonstrated a basis for change of rate in the intervening time. See Mateo-Evangelio v. Triple J Produce, No. 7:14-CV-302-FL, 2018 WL 1702772 *5 (April 6, 2018).

(7) Lastly, the Court agrees with the plaintiffs' assertion that because default judgment awarded was 100% of the amount claimed in the Complaint (DE 1) plaintiffs were fully successful in this litigation.

Based upon this measure and applicable precedent, the lodestar attorney's fee should not be reduced based upon the "degree of success" factor.

(8) Therefore, in addition to the costs awarded in ¶(4) above of this Order, the Court enters judgment against defendants Flores Roofing, LLC and Rodrigo Flores Patino, jointly and severally, in an amount equal to the lodestar amount for fees that is specified in ¶(6) above of this Order. The Clerk is directed to prepare a judgment to that effect.

SO ORDERED.

This the 14th day of October 2020.

_Louise W. Flanagan_
United States District Judge